In re Estate of Sophia Jensen.

Elbert R. Orme et al., Appellants, v. Lawrence Engman, Appellee.

No. 41525.

May 2, 1933.

Robertson & Robertson, for appellants.

Bert L. Dickason and Kimball, Peterson, Smith & Peterson, for appellee.

Claussen, J.—Sophia Jensen died, owning 16½ acres of land, a cemetery lot worth $10, household goods worth about $100, cash on deposit in a bank amounting to $632.11, and holding a policy of insurance on her life for the sum of $500. She left a will, which was duly admitted to probate, which, in addition to directing that her funeral expenses, debts, and costs of administration be paid, provides as follows:

"Second:—I give and bequeath to my Foster son Lawrence Engman all of the revenue from the rest and residue of my estate so long as he may live; and should he have issue, then and in that event, his heir or heirs shall inherit whatever of my estate shall remain, share and share alike. And should he die without issue, then

the remainder of my estate both real and personal shall be given without reserve to my dear friend Mrs. Edelbert Orme living on my place, Neola, Iowa.

"Third:—I appoint my friend Hugo Heiber, Executor of this, my last will and testament, hereby revoking all former wills by me made. I hereby delegate to him full power and authority, or to his successor, should he die before my estate is closed to administer my estate in the best manner that his judgment, shall dictate in the interest and welfare of my beneficiary—Lawrence Engman."

Appellant, Hugo Hieber, was commissioned executor of the will. He leased the land to the appellants Elbert R. Orme and Hilda E. Orme. A question arose as to whether the lease was valid; it being contended by Lawrence Engman, beneficiary named in the will, that he had the right to occupy the premises and that the executor had no right to lease it.

This action was brought to obtain a construction of the will. The trial court construed the will so that it gave to Engman a life estate, and conferred on the executor only usual powers. The court approved the lease, on the theory that equity required such approval, and the parties agree in this court that such approval shall stand.

It is unnecessary to cite authority for the proposition that the will is to be construed so as to give effect to the testatrix's intentions as revealed by the will, giving to all its terms some meaning, yet to none too much. The will gives to Engman the "revenue" from the residue of the estate of the testatrix. It delegates to the executor, or his successor, full power and authority to administer the estate in the best manner in the interest of Engman. If the will be construed to give to Engman a life estate in the residue of the estate with the right to the possession and control of it, no effect can be given to the provisions of the will giving to the executor "full power and authority to administer the estate in the best manner that his judgment shall dictate in the interest and welfare of my beneficiary—Lawrence Engman."

It is beside the point to say that the testatrix intended that the executor should be frugal in the administration of the estate. His duties in that respect are fixed by law. His powers, under the law, were to take possession of the personal property of the estate and to pay its debts and charges. In this he could exercise no discretion. It is only as he may have been given power over and beyond the

usual powers of an executor that he could administer the property in the interests of Engman.

We reach the conclusion that the will gave to Engman the revenue only of the residue of the estate, and that it gave to the executor and his successor the possession and right to manage the property constituting such residue, in the best interest of Engman. In reaching this conclusion, we are not unmindful of cases in which it has been held that a bequest of the "income" of an estate gives to the named beneficiary a life estate and the right to possession of the property. Wills, couched in ordinary language, used in its usual sense, seldom if ever come before the courts for construction. It would be folly to suggest that the intention of a testator may be ascertained by arbitrarily imposing on a word used by him a meaning given to it as used by some other testator in an unusual way.

The order and judgment appealed from is reversed, and the cause is remanded to the trial court for order and judgment in conformity herewith.—Reversed and remanded.

KINDIG, C. J., and EVANS, ALBERT, STEVENS, and DONEGAN, JJ., concur.